ANDREA T. MARTINEZ, United States Attorney (9313)
STEPHEN P. DENT, Assistant United States Attorney (17405)
ANGELA M. REDDISH-DAY, Assistant United States Attorney (15910)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4262
stephen.dent@usdoj.gov

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

FILED US District Court-UT
FEB 09 '22 PM 04:23

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Count 1: 21 U.S.C. §§ 841(a)(1) and 846: Conspiracy to Distribute Fentanyl (Rubio-Quintana, Rivera-Jauregui, Rubio-Acosta, Ignacio-Morales, L. Gutierrez, R. Valdez-Chavez, Adame, Mendez-Rojas, H. Valdez) |
| vs. | |
| ANGEL RUBIO-QUINTANA, RAMON HIGUERA-COTA, PRESCILIANO GALAX-FELIX, aka Presiliano Galas, aka Presciliano Galaz-Felix, aka "Chito," JAIME RIVERA-JAUREGUI, aka "Charras," CARLOS RUBIO-ACOSTA, LAURO IGNACIO-MORALES, aka "Junior," LLONATAN GUTIERREZ-RUIZ, aka "Barbas," ALFREIDA SIMPSON, TANYA ADAME, RAUL VALDEZ-CHAVEZ, JUANA MARIN-ANGEL, DANIEL TENA-VILLASENOR, TRACY EYMAN, | Count 2: 21 U.S.C. §§ 841(a)(1) and 846: Conspiracy to Distribute Methamphetamine (Rubio-Quintana, Higuera-Cota, Rivera-Jauregui, Rubio-Acosta, L. Gutierrez, R. Valdez-Chavez, Simpson, Eyman, Orozco, Marin-Angel, Tena-Villasenor, Ciriaco) |
| | Count 3: 21 U.S.C. §§ 841(a)(1) and 846: Conspiracy to Distribute Marijuana (Rubio-Quintana, Rubio-Acosta, Ignacio-Morales, H. Valdez) |
| | Count 4: 18 U.S.C. § 1956(h): Conspiracy to Launder Money (Rubio-Quintana, Higuera-Cota, Galax-Felix, Rivera-Jauregui, Rubio-Acosta, L. Gutierrez, H. Valdez) |

Case: 4:22-cr-00009
Assigned To : Nuffer, David
Assign. Date : 02/09/2022

| | |
|---|---|
| JUAN CARLOS OROZCO, PAUL CIRIACO, aka "Pablo," OLIVER MENDEZ-ROJAS, aka "Willy," and HARDET ALAN VALDEZ, aka "Moshi,"<br><br>      Defendants. | Count 5: 21 U.S.C. § 841(a)(1): Distribution of Methamphetamine (Rubio-Quintana)<br><br>Count 6: 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2: Distribution of Methamphetamine (Rubio-Quintana and L. Gutierrez)<br><br>Count 7: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: Distribution of Methamphetamine (Rubio-Quintana, R. Valdez-Chavez, L. Gutierrez)<br><br>Count 8: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: Distribution of Fentanyl (Rubio-Quintana, R. Valdez-Chavez, L. Gutierrez)<br><br>Count 9: 21 U.S.C. § 841(a)(1): Distribution of Fentanyl (Adame)<br><br>Counts 10-12: 21 U.S.C. § 841(a)(1): Distribution of Methamphetamine (Simpson)<br><br>Count 13: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: Distribution of Methamphetamine (Simpson)<br><br>Count 14: 21 U.S.C. § 841(a)(1): Distribution of Methamphetamine (Rubio-Quintana)<br><br>Counts 15-16: 21 U.S.C. § 841(a)(1): Distribution of Fentanyl (Rubio-Quintana)<br><br>Count 17: 21 U.S.C. § 841(a)(1): Distribution of Methamphetamine (Rivera-Jauregui) |

|  | Count 18: 21 U.S.C. § 841(a)(1): Possession of Methamphetamine with Intent to Distribute (Eyman) |
|---|---|
|  | Count 19: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: Distribution of Methamphetamine (Rubio-Quintana, Rivera-Jauregui, Rubio-Acosta, Marin-Angel) |
|  | Count 20: 21 U.S.C. § 841(a)(1): Possession of Methamphetamine with Intent to Distribute (Tena-Villasenor) |
|  | Count 21: 21 U.S.C. § 841(a)(1): Possession of Methamphetamine with Intent to Distribute (Adame) |
|  | Count 22: 21 U.S.C. § 841(a)(1): Possession of p-Fluorofentanyl with Intent to Distribute (Adame) |
|  | Count 23: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: Possession of Fentanyl with Intent to Distribute (Rubio-Quintana, Rivera-Jauregui, Mendez-Rojas) |
|  | Count 24: 8 U.S.C. § 1326: Reentry of a Previously Removed Alien (Rubio-Quintana) |

The Grand Jury charges:

<u>**COUNT 1**</u>
**21 U.S.C. §§ 846, 841(a)(1)**
**(Conspiracy to Distribute Fentanyl)**

Beginning on a date unknown, and at least as far back as September 22, 2021, and continuing to at least February 9, 2022, in the District of Utah,

3

ANGEL RUBIO-QUINTANA,
JAIME RIVERA-JAUREGUI, aka "Charras,"
CARLOS RUBIO-ACOSTA,
LAURO IGNACIO-MORALES, aka "Junior,"
LLONATAN GUTIERREZ-RUIZ, aka "Barbas,"
RAUL VALDEZ-CHAVEZ,
TANYA ADAME,
OLIVER MENDEZ-ROJAS, aka "Willy," and
HARDET ALAN VALDEZ, aka "Moshi,"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable under 21 U.S.C. § 841(b)(1)(B).

## COUNT 2
### 21 U.S.C. §§ 846, 841(a)(1)
### (Conspiracy to Distribute Methamphetamine)

Beginning on a date unknown, and at least as far back as June 25, 2021, and continuing to at least February 9, 2022, in the District of Utah,

ANGEL RUBIO-QUINTANA,
RAMON HIGUERA-COTA,
JAIME RIVERA-JAUREGUI, aka "Charras,"
CARLOS RUBIO-ACOSTA,
LLONATAN GUTIERREZ-RUIZ, aka "Barbas,"
ALFREIDA SIMPSON,
RAUL VALDEZ-CHAVEZ,
JUANA MARIN-ANGEL,
DANIEL TENA-VILLASENOR,
TRACY EYMAN,
JUAN CARLOS OROZCO, and
PAUL CIRIACO, aka "Pablo,"

4

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable under 21 U.S.C. § 841(b)(1)(A).

## COUNT 3
## 21 U.S.C. §§ 846, 841(a)(1)
**(Conspiracy to Distribute Marijuana)**

Beginning on a date unknown, but no later than October 29, 2021, and continuing to at least February 9, 2022, in the District of Utah,

ANGEL RUBIO-QUINTANA,
CARLOS RUBIO-ACOSTA,
LAURO IGNACIO-MORALES, aka "Junior," and
HARDET ALAN VALDEZ, aka "Moshi,"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute Marijuana, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(D).

## COUNT 4
## 18 U.S.C. 1956(h)
**(Conspiracy to Launder Money)**

Beginning on a date unknown, and at least as far back as June 25, 2021, and continuing to at least February 9, 2022, in the District of Utah,

ANGEL RUBIO-QUINTANA,

RAMON HIGUERA-COTA,
PRESCILIANO GALAX-FELIX, aka "Chito,"
JAIME RIVERA-JAUREGUI, aka "Charras,"
CARLOS RUBIO-ACOSTA,
LLONATAN GUTIERREZ-RUIZ, aka "Barbas," and
HARDET ALAN VALDEZ, aka "Moshi,"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to commit the following offenses against the United States in violation of 18 U.S.C. § 1956:

(a) to knowingly conduct and attempt to conduct financial transactions, affecting interstate or foreign commerce, which involved the proceeds of a specified unlawful activity, specifically, the illegal distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) & 846, with the intent to promote the carrying on of specified unlawful activity, that is, the illegal distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(A)(i);

(b) to knowingly conduct and attempt to conduct financial transactions, affecting interstate or foreign commerce, which involved the proceeds of specified unlawful activity, specifically, the unlawful distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) & 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the transactions represented the

proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i);

(c) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States, that is the State of Utah, to and through a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, all in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(A); and,

(d) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States, that is the State of Utah, to and through a place outside the United States, that is Mexico, and knowing that the monetary instruments or funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; all in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(B)(i).

## COUNT 5
## 21 U.S.C. § 841(a)(1)
## (Distribution of Methamphetamine)

On or about August 19, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,

defendant herein, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 6
## 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
## (Distribution of Methamphetamine)

On or about September 16, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA and
LLONATAN GUTIERREZ-RUIZ, aka "Barbas,"

defendants herein, each aiding and abetting the other, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

## COUNT 7
## 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
### (Distribution of Methamphetamine)

On or about September 22, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,
LLONATAN GUTIERREZ-RUIZ, aka "Barbas," and
RAUL VALDEZ-CHAVEZ,

defendants herein, each aiding and abetting the other, did knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT 8
## 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
### (Distribution of Fentanyl)

On or about September 22, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,
LLONATAN GUTIERREZ-RUIZ, aka "Barbas," and
RAUL VALDEZ-CHAVEZ,

defendants herein, each aiding and abetting the other, did knowingly and intentionally distribute N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT 9
## 21 U.S.C. § 841(a)(1)
## (Distribution of Fentanyl)

On or about September 28, 2021, in the District of Utah,

TANYA ADAME,

defendant herein, did knowingly and intentionally distribute N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 10
## 21 U.S.C. § 841(a)(1)
## (Distribution of Methamphetamine)

On or about September 28, 2021, in the District of Utah,

ALFREIDA SIMPSON,

defendant herein, did knowingly and intentionally distribute Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 11
## 21 U.S.C. § 841(a)(1)
## (Distribution of Methamphetamine)

On or about October 7, 2021, in the District of Utah,

ALFREIDA SIMPSON,

defendant herein, did knowingly and intentionally distribute Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 12
## 21 U.S.C. § 841(a)(1)
## (Distribution of Methamphetamine)

On or about October 28, 2021, in the District of Utah,

ALFREIDA SIMPSON,

defendant herein, did knowingly and intentionally distribute Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 13
## 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
## (Distribution of Methamphetamine)

On or about November 4, 2021, in the District of Utah,

ALFREIDA SIMPSON,

defendant herein, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled

substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

### COUNT 14
### 21 U.S.C. § 841(a)(1)
### (Distribution of Methamphetamine)

On or about November 8, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,

defendant herein, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

### COUNT 15
### 21 U.S.C. § 841(a)(1)
### (Distribution of Fentanyl)

On or about November 8, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,

defendant herein, did knowingly and intentionally distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 16
## 21 U.S.C. § 841(a)(1)
## (Distribution of Fentanyl)

On or about November 19, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,

defendant herein, did knowingly and intentionally distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 17
## 21 U.S.C. § 841(a)(1)
## (Distribution of Methamphetamine)

On or about November 23, 2021, in the District of Utah,

JAIME RIVERA-JAUREGUI, aka "Charras,"

defendant herein, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 18
### 21 U.S.C. § 841(a)(1)
### (Possession of Methamphetamine with Intent to Distribute)

On or about November 23, 2021, in the District of Utah,

TRACY EYMAN,

defendant herein, did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 19
### 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
### (Distribution of Methamphetamine)

On or about December 3, 2021 in the District of Utah,

ANGEL RUBIO-QUINTANA,
JAIME RIVERA-JAUREGUI, aka "Charras,"
CARLOS RUBIO-ACOSTA, and
JUANA MARIN-ANGEL,

defendants herein, each aiding and abetting the other, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

## COUNT 20
## 21 U.S.C. § 841(a)(1)
### (Possession of Methamphetamine with Intent to Distribute)

On or about December 3, 2021, in the District of Utah,

DANIEL TENA-VILLASENOR,

defendant herein, did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 21
## 21 U.S.C. § 841(a)(1)
### (Possession of Methamphetamine with Intent to Distribute)

On or about December 16, 2021, in the District of Utah,

TANYA ADAME,

defendant herein, did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 22
## 21 U.S.C. § 841(a)(1)
### (Possession of p-Fluorofentanyl with Intent to Distribute)

On or about December 16, 2021, in the District of Utah,

TANYA ADAME,

defendant herein, did knowingly and intentionally possess with intent to distribute (N-(4-

fluorophenyl)-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide) ("p-Fluorofentanyl"), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 23
### 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
### (Possession of Fentanyl with Intent to Distribute)

On or about December 29, 2021, in the District of Utah,

ANGEL RUBIO-QUINTANA,
JAIME RIVERA-JAUREGUI, aka "Charras," and
OLIVER MENDEZ-ROJAS, aka "Willy,"

defendants herein, each aiding and abetting the other, did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

## COUNT 24
### 8 U.S.C. § 1326
### (Reentry of a Previously Removed Alien)

On or about August 19, 2020, in the District of Utah,

ANGEL RUBIO-QUINTANA,

defendant herein, an alien who on or about August 25, 2004, was excluded, removed, and deported from the United States, did knowingly reenter and was found in the United States in the District of Utah, having not obtained the consent of the Secretary of the United States

Department of Homeland Security to reapply for admission into the United States; all in violation of 8 U.S.C. § 1326.

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense violating 21 U.S.C. §§ 841 and 846, the defendant(s) shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to:

- A MONEY JUDGMENT equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).
- Substitute property as allowed by 21 U.S.C. § 853(p).

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h), the defendants shall forfeit to the United States of America any property, real or personal, involved in the money laundering conspiracy, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

ANDREA T. MARTINEZ
United States Attorney

STEPHEN P. DENT
ANGELA M. REDDISH-DAY
Assistant United States Attorneys